THOMAS M. D. BADEN *et al vs.* THE STATE USE OF WILLIAM CLARKE.—*December* 1843.

The single bill of a collector of the county, sealed as collector, promising to pay the equitable plaintiff in the action, a sum of money "for value received, with interest, the same being for county paper due for the year 1836-7." HELD: to be sufficient evidence in the absence of contradictory proof, to entitle the plaintiff to a verdict upon the bond of the collector, as well against the principal as his securities.

Such a bill, is an implied admission, that the obligor had collected and received the amount therein mentioned; that the same had been levied, and the levies transferred to the obligee.

After verdict, upon motion in arrest, the court will presume that sufficient proof was offered to the jury, to enable them to find all the allegations in the pleadings, substantially necessary to support the claim of the plaintiff.

The objection that the breaches assigned upon the record, are not sufficiently specific, in stating the names of parties for whom levies were made, and the amounts levied for each person, cannot avail on a motion in arrest.

A party for whom a sum has been levied in the county levies, may make a valid transfer thereof without writing.

Where the assigned breaches are not sufficiently specific, after issue joined upon them the defendant may claim a bill of particulars, to enable him to prepare his defence.

APPEAL from *Prince George's* County Court.

This was an action of DEBT, brought by the appellee against the appellants, on the 28th September 1837.

The plaintiff declared on the bond of *T. M. D. Baden* and others, dated 18th July 1836, which contained the following condition, viz: "the condition of the above obligation is such, that if the above bound *Thomas M. D. Baden,* appointed collector of *Prince George's* county, shall well and faithfully execute the several duties required of him by law, and shall well and truly account for, and pay to the justices of the levy court, or their order, the several sums of money which he shall receive or be answerable for by law, at such time as the law shall direct, then the above obligation to be void, else to be and remain in full force and virtue in law." The defendants pleaded general performance.

The plaintiffs replied, that at the time of making the writing obligatory aforesaid, and thereafter, the said *Thomas M. D. Baden* was collector of the county charges and public assessments, imposed by law on the inhabitants of the said county, and that before the making of the said writing obligatory, to wit, on the 14th day of July 1836, there was allowed by the justices of the levy court of said county, unto sundry citizens of said county, or others, divers sums of money, for divers services, and so forth, amounting in the whole to the sum of eight hundred and five dollars, current money, which said several sums of money, had by the persons thereto entitled as aforesaid, been transferred and assigned to the said *William*

*Clarke* in the endorsement of the writ issued in this cause mentioned, and for whose use this suit is instituted, whereof the said *Thomas M. D. Baden*, collector aforesaid, afterwards, that is to say, on the day and year aforesaid, at the county aforesaid, had notice. And the said State, by its said attorney, further in fact saith, after the said sums of money had been transferred and assigned to the said *William Clarke*, in manner and form aforesaid, to wit, on the 28th day of July 1837, the said *Thomas M. D. Baden*, as collector aforesaid, accounted together with the said *William Clarke*, of and concerning the said sums of money, and upon that accounting, the said *Thomas M. D. Baden*, as collector aforesaid, was indebted to the said *William Clarke*, in the sum of eight hundred and five dollars, current money aforesaid. And the said *Thomas M. D. Baden*, as collector aforesaid, being so found indebted to the said *William Clarke*, in the said sum of eight hundred and five dollars, current money, then and there passed to the said *William Clarke*, his certain bill obligatory, for the payment thereof with interest, which said bill obligatory, sealed with the seal of him the said *Thomas M. D. Baden*, bearing date the day and year last aforesaid, is herewith brought into court; and the said State, by its said attorney, further in fact saith, that the said several sums of money, so as aforesaid allowed by the justices of the levy court of said county, were assessed, laid and imposed by them on the inhabitants of said county, and the said *Thomas M. D. Baden*, as collector aforesaid, was required by the duties of his office, by reason of the premises, to collect and receive the same, for the use of the said *William Clarke*, to whom the same had been transferred and assigned as aforesaid. And the said State further saith, that although the said *Thomas M. D. Baden*, as collector aforesaid, after making the said writing obligatory, and before the issuing of the writ original, of the said State against the said defendants in this cause, did collect and receive the said sums of money amounting as aforesaid, to the sum of eight hundred and five dollars, current money, assessed, laid out and imposed as aforesaid; yet the said sums of money, or any part thereof, although often thereto required, &c.

The single bill referred to, will be found in the bill of exceptions. The defendants rejoined.

1. And the said defendants, *John R. Baden*, &c., say, that the said State, its action aforesaid against them, to have or maintain ought not, because they say, that the said *Thomas M. D. Baden*, as collector as aforesaid, in said replication, did not collect and receive the said several sums of money, levies and assessments, mentioned in the said replication, or any of them as stated by the said State; and that the said sums of money, levies and assessments, were not levied and imposed upon the inhabitants of the said county, as stated by the said State, nor were they, or any of them assigned to the said *William Clarke*, as stated in the said replication.

2. And the said defendants further say, by way of rejoinder, that the said *Thomas M. D. Baden*, as collector as aforesaid, did not account with the said *William Clarke*, in manner and form as stated in the said replication; and that he was not then and there found indebted upon said account, for the amount stated in the said replication, or for any other sum of money; and that he did not then and there give the note or bond, in manner and form as stated in the said replication.

3. And the said defendants further, by way of rejoinder, say, that the said note for eight hundred and five dollars, in said replication mentioned, was not given, and does not include the said several levies, assessments and sums of money mentioned in the replication as having been levied, as stated in the said replication, and assigned to the said *William Clarke*, and received and collected by the said *Thomas M. D. Baden*, collector as aforesaid; and that he did not collect and receive the same, or any part thereof, as alleged by the said State.

The plaintiffs sur-rejoined, that the matters and facts contained in the rejoinder of the said defendants are not true, and this the said State prays may be enquired of by the country, and the said defendants in like manner, &c.

The jury found that the said *Thomas M. D. Baden*, as collector as aforesaid, did collect and receive the said several sums of money, levies and assessments mentioned in the re-

plication of the said plaintiff, and that the said sums of money, levies and assessments, were levied and imposed upon the inhabitants of the said county, as also stated by the said plaintiff, and were assigned to the said *William Clarke*, as stated in the said replication. And that the said *Thomas M. D. Baden*, as collector as aforesaid, did account with the said *William Clarke*, in manner and form as stated in the said replication, and that he was then and there found indebted upon said account, for the amount stated in the said replication, and that he did then and there give the note or bond, in manner and form as stated in the said replication of the said plaintiff. And that the said note of eight hundred and five dollars in said replication mentioned, was given for, and does include the said several levies, assessments and sums of money, mentioned in the said replication, as having been levied and assigned to the said *William Clarke*, and received and collected by the said *Thomas M. D. Baden*, collector as aforesaid, and that he did collect and receive the same as alleged by the said State in its said replication. And they do therefore, find the sum of one thousand and fifty-seven dollars and thirty-six cents, current money, really and justly due to the said plaintiff, on the writing obligatory aforesaid.

The defendants moved the court to arrest the judgment in this case, for the following reasons:

1. Because the condition of the bond sued upon, does not cover the breaches assigned in the replication.

2. Because the plaintiff is not entitled to judgment in the present state of the pleadings.

3. Because the breaches assigned in the replication are not within the condition of the bond sued upon.

4. Because the replication should have stated, and set out the names of the several and respective parties, for whose use the several sums of money and levies were made and levied, mentioned and referred to in the replication, and the several amounts levied for each individual and person; and also, because the said replication does not state that these several sums

and levies were assigned in writing to the said *William Clarke*, as it should have done.

The county court overruled the motion in arrest, and rendered judgment on the verdict.

At the trial of this cause, the plaintiff to sustain the issues joined on its part, offered in evidence to the jury the following paper:

$805.     I promise to pay to *William Clarke*, or order, the sum of eight hundred and five dollars, for value received, with interest, the same being for county paper due for the year 1836-7.     Witness my hand and seal, the 28th July 1837.

T. M. D. BADEN, (Seal.)

Test,—*John R. Baden.*         *Collector P. G. County.*

And proved by a competent witness, that the same was signed by the said *T. M. D. Baden*, the collector as aforesaid, at the time it purports to bear date, and there rested its case.

The defendants objected to said evidence, that the same standing alone and unsupported by other evidence, was not sufficient to entitle the plaintiff to a verdict.   But the court (STEPHEN, C. J. and KEY, A. J.,) overruled the objection, and were of opinion, and so instructed the jury, that the said evidence, if believed by them, would be sufficient in the absence of contradictory evidence, to entitle the plaintiff to a verdict on all the issues joined, against all the defendants in this cause.   The defendants excepted, and prosecuted this appeal.

The cause was argued before ARCHER, DORSEY, CHAMBERS. and SPENCE, J.

By T. S. ALEXANDER and C. C. MAGRUDER for the appellants, and

By R. JOHNSON and T. F. BOWIE for the appellees.

DORSEY, J., delivered the opinion of this court.

It is true that on the first trial of this case, which took place in the county court, the only issue to be tried by the jury was, whether *Thomas M. D. Baden* had collected and received the

sum of money, for the recovery of which, the action was instituted. But do the issues tried by the last jury at all vary, in respect to those issues, the effect and operation ascribed by this court to the testimony adduced by the appellee on the first trial? We think that they do not. If the promissory note or certificate of indebtedness given by *Thomas M. D. Baden*, the collector, was an implied admission that he had collected and received the amount therein specified, it was equally an implied admission that the same had been levied, and the levies transferred to *William Clarke.* Upon no other ground than his acknowledgment of the existence of those facts, can his giving such a note or certificate be accounted for. Such admissions by the collector having been determined by this court, in the first trial before it, to be *prima facie* evidence against the collector and his securities, the county court proceeding with the trial under the *procedendo,* could not do otherwise than overrule the objection made to the testimony; and was fully justified in the instruction which it gave to the jury.

Two reasons have been urged why the judgment of the county court ought to have been arrested. The first is, that "the replication is uncertain in its statement of the persons for whom the levies mentioned therein, were made, and the sums respectively allowed to them." Whether this objection to the replication, if taken by the proper demurrer, in the court below, should have been sustained, we mean to express no opinion. But as it was taken in arrest of judgment, it was correctly overruled. If as insisted, it was necessary that the replication should state the amount of each levy, and the name of the person for whom it was made; and that proof thereof must be offered to enable the jury to find the verdict which they did; after the finding of the verdict on the motion in arrest, the court are bound to assume, that such testimony was given to the jury however false, in point of fact, that assumption might be. In acting on a motion to arrest the judgment, the court is not to look to the bills of exceptions, or out of the other proceedings in the cause as exhibited by the record, in forming its presumption of the proof which had been submitted to the jury.

Similar reasons may be assigned for overruling the second ground, relied on for arresting the judgment; which ground was, "that there is no sufficient averment of a legal transfer and assignment of said levies to *William Clarke*, and consequently no title in him, to demand payment thereof." It was not necessary, as has been insisted, that such transfer to be valid, must have been in writing.

If the consequences of the affirmance of this judgment be so disastrous to the interests of the appellants, (the securities) as it has been represented they may be, they certainly had the means of avoiding the dilemma in which, it is said, they are now involved, had they used them at the proper epoch in the cause. Had a special demurrer to the replication, assigning as the grounds of its insufficiency, that it did not state the amounts of the several levies, and the names of the persons for whom made, been overruled by the county court, a knowledge of those facts, so essential to the defence of the securities, could readily have been obtained in time for them to make their defence, and prepare for the trial, by an application to the court for an order requiring the appellee to file a bill of particulars of his claim.

Approving of the conduct of the court below, in overruling the motion in arrest of judgment, and the objection stated in the bill of exceptions, to have been raised to the testimony offered by the appellee, and also approving of the instruction given by the court to the jury, we affirm its judgment.

JUDGMENT AFFIRMED.